**No. 51213.**—Protests 49466–K, etc., of S. M. Sartori, Inc., et al. (New York).

Opinion by KEEFE, J.   In accordance with stipulation of counsel and following the decisions cited the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269; and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra.*   The protests were sustained to this extent.

**No. 51214.**—Protests 49445–K, etc., of G. Sasso & Sons, Inc., et al.   (New York).

Opinion by KEEFE, J.   It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese.   The protests were sustained to this extent.

**No. 51215.**—Protests 88713–K, etc., of Ti Hang Lung & Co.   (San Francisco).

Opinion by EKWALL, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, JUNE 27, 1946

**No. 51216.**—Protest 720803–G of James S. Kean (St. Paul).

Opinion by KINCHELOE, J.   It was agreed between counsel that the merchandise in question is similar in all material respects to the rags which were the subject of *United States* v. *Schapiro & Sons* (24 C. C. P. A. 343, T. D. 48771) and *J. Milton Hagy Waste Works* v. *United States* (2 Cust. Ct. 385, C. D. 162), in which cases it was established that certain cotton rags were free of duty under paragraph 1750, but that, if commingled with dutiable goods, there must be a segregation under section 508.   It was held that the record herein sufficiently showed that a request for segregation was made by the plaintiff and that the segregation was performed in the manner and within the time provided by section 508.   Following the decisions cited, the protest was sustained, the court holding certain percentages of the merchandise to be paper-stock rags.

BEFORE THE THIRD DIVISION, JUNE 27, 1946

**No. 51217.**—Protests 108435–K, etc., of Art Linen Importing Co. et al. (New York).

Opinion by EKWALL, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.